**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LISA BATEY-KOLEGAS, | CIVIL ACTION  1:16-cv-09353 |
| Plaintiff, | |
| v. | COMPLAINT |
| HARRIS & HARRIS, LTD., | |
| Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, LISA BATEY-KOLEGAS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, HARRIS & HARRIS, LTD. ("Harris") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

**JURISDICTION AND VENUE**

2.  Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Harris conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

5.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

7.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9.   Harris is an Illinois limited company with its principal place of business located at 222 Merchandise Mart Plaza, Suite 1900, Chicago, Illinois 60654. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted loans owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

10. In March 2016, Harris began placing unwanted collection calls to Plaintiff's cellular telephone ending in 4247. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

11. Plaintiff received Harris's calls from the telephone number 312-380-4059.

12. Upon information and belief, the above is a phone number utilized by Harris during its debt collection activities. Harris has contacted Plaintiff's cellular phone with the purpose of collecting on consumer debt.

13. In March 2016, Plaintiff answered a phone call from a Harris representative attempting to locate and collect a debt ("subject debt") from an individual named "Nicholas Kolegas".[1] In response, Plaintiff informed the Harris representative that she is not "Nicholas Kolegas" and further demanded that Harris stop placing calls to her cellular phone.

14. When this call from Harris connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

15. Plaintiff *never* provided her cellular telephone number to Harris or otherwise expressly consented to Harris's phone calls.

16. Plaintiff requested that Harris cease placing calls to her cellular phone on no less than 5 separate occasions.

17. Notwithstanding Plaintiff's requests that Harris's collection calls cease, Harris placed or caused to be placed no less than 9 harassing phone calls to Plaintiff's cellular phone between March 2016 through July 2016 in an attempt to collect upon a debt Plaintiff never incurred.

18. Plaintiff's demands that Harris's phone calls cease fell on deaf ears and Harris continued its phone harassment campaign.

19. Upon information, belief, and in light of the frequency of the calls, Harris utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

---

[1] Nicholas Kolegas is the grandfather of Plaintiff's husband.

3

20. The telephone number ending in 4247 that Harris called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

21. The calls Harris placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

22. Plaintiff never provided Harris with any personal information, including her cellular telephone number, for any purpose. Furthermore, Harris was never provided with prior express consent to place calls via its ATDS to Plaintiff's cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

**DAMAGES**

23. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Harris's unlawful collection practices.

24. Harris's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Harris's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease Harris's collection tactics, incurring costs and expenses traveling to and from her attorney's office.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Harris placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

31. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

32. Upon information and belief, the predictive dialing system employed by Harris transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Harris violated the TCPA by placing no less than 9 calls between March 2016 through July 2016 to Plaintiff's cellular phone, using an ATDS without her prior express consent. Moreover, Plaintiff demanded that Harris cease calls to her cellular phone on no less than 5 separate occasions during the phone calls she answered.

5

34. As pled above, Plaintiff was severely harmed by Harris's collection calls to her cellular phone.

35. Upon information and belief, Harris has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Harris knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Harris, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Harris is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Harris's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Declare Harris's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. Harris qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

42. Harris qualifies as a "debt collector" because, upon information and belief, it acquired the subject debt from the original creditor while it was in default. 15 U.S.C. §1692a(6).

43. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

44. Harris violated 15 U.S.C. §§1692b(3), d, d(5), and f as follows:

**a. Violation of FDCPA §1692b(3)**

45. Harris violated §1692b(3) by contacting Plaintiff on numerous occasions after receiving specific instruction from Plaintiff to cease all further communications to her cellular phone.

**b. Violation of FDCPA §1692d**

46. Harris violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment of a debt. Moreover, Harris continued placing the relentless calls after Plaintiff demanded that the calls cease on 5 separate occasions.

47. Harris violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and attempting to engage her in conversations regarding the collection of a debt.

**c. Violation of FDCPA §1692f**

48. Harris violated §1692f by engaging in unfair and unconscionable means in its attempts to collect a debt from Plaintiff.

49. Upon information and belief, Harris systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

50. Plaintiff restates and reallages paragraphs 1 through 26 as through fully set forth herein.

51. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

52. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

53. Harris is engaged in commerce in the State of Illinois with regard to Plaintiff. Harris specializes debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

54. Harris violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect a debt from Plaintiff.

### a. Unfairness

55. It was unfair for Harris to seek to collect from Plaintiff a debt she did not incur and a debt she did not owe through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment.

56. It was unfair for Harris to place or cause to be placed no less than 9 phone calls to Plaintiff's cellular phone between March 2016 through July 2016, without her consent.

57. It was unfair for Harris to continue placing calls to Plaintiff after she advised Harris that she was not "Nicholas Kolegas" and further demanded that the calls cease on no less than 5 separate occasions.

58. Harris's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

59. Moreover, Harris's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

60. Upon information and belief, Harris systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

61. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Harris and is done on a large scale.

62. Moreover Harris's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

63. As alleged above, Plaintiff was substantially harmed by Harris's misconduct.

9

64. An award of punitive damages is appropriate because Harris's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Harris;

b.  Award Plaintiff her actual damages in an amount to be determined at trial;

c.  Award Plaintiff her punitive damages in an amount to be determined at trial;

d.  Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: September 29, 2016                                    Respectfully Submitted,

                                                            /s/ Omar T. Sulaiman
                                                            Omar T. Sulaiman, ARDC#6322837
                                                            *Counsel for Plaintiff*
                                                            Sulaiman Law Group, LTD
                                                            900 Jorie Blvd, Ste 150
                                                            Oak Brook, IL 60523
                                                            Phone (630)575-8181
                                                            Fax: (630)575-8188